UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

RADHAMES RODRIGUEZ,

                Petitioner,

    v.                                            1:01-CR-00538
                                                           (LEK)

UNITED STATES OF AMERICA,

                Respondent.

_____

**<u>DECISION and ORDER</u>**

On March 20, 2002, Petitioner Radhames Rodriguez pled guilty to a one-count indictment charging him with reentry after deportation following an earlier conviction for an aggravated felony offense, in violation of 8 U.S.C. § 1326(b). On August 1, 2007, Petitioner moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Mot. to Vacate (Dkt. No.15). Petitioner claims relief due to actual innocence and the ineffective assistance of trial counsel. The Government counters that the Motion is time barred, or in the alternative, that the Motion should be denied on the merits.

                                            **I.      DISCUSSION**

**A.      Timeliness of Petition**

The Government contends that the instant Motion is untimely. Petitioner pled guilty on

March 20, 2002.  Dkt. No. 8.  The Court sentenced Petitioner on July 16, 2002, to 77 months imprisonment and 3 years supervised release.  Dkt. No. 12.  Judgment was entered against Petitioner on July 23, 2002.  Dkt. No. 13.  Petitioner did not file a direct appeal.  Petitioner filed this instant Motion on August 1, 2007.  Dkt. No. 15.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on federal habeas corpus petitions.  28 U.S.C. § 2255.  Petitioner filed his Motion on August 1, 2007, well more than one year after the judgment against him had become final for AEDPA purposes–ten business days after the entry of judgment against him on July 23, 2002.  See Moshier v. U.S., 402 F.3d 116 (2d Cir. 2005); Fed R. App. P 4(b).  However, he argues that his Motion is timely, as fitting within the AEDPA provision that allows for the period to begin to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).

Petitioner's Motion must be dismissed as untimely.  The facts supporting Petitioner's claim focus upon the circumstances of his reentry into the United States in January 1995, three days after his deportation.  Pet.'s Mem. in Supp. at 1-2 (Dkt. No. 15, Attach. 1).  Petitioner claims that he reentered the United States following interrogation by Customs agents, and that his permitted reentry by those agents constituted consent by the U.S. Attorney General to his reentry following deportation.  Id. at 2-4.  He further claims that his trial counsel failed to properly investigate the circumstances of his reentry into the United States.  Id. at 5.  In short, Petitioner claims that his reentry into the United States was lawful, and that his attorney should have argued such instead of advising Petitioner to plead guilty.  Thus, the predicate facts underlying the merits of his claim–the circumstances of his reentry–were well known to Petitioner upon that reentry, and certainly were

known to him when he decided to plead guilty.

Both the plain language of AEDPA and judicial interpretation of the statute indicate that the AEDPA statute of limitations will run from the date that the Petitioner could have diligently discovered the *facts* underlying his claim, not the date upon which the Petitioner could have discovered the legal salience of those facts. 28 U.S.C. § 2255(f)(4) (AEDPA's statute of limitations begins to run one year from "the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence" (emphasis added)); Wims v. U.S., 225 F.3d 186, 188 (2d Cir. 2000); see also Vaughan v. Lape, 2007 WL 2042471, at *5 (N.D.N.Y. 2007). However, even if § 2255(f)(4) could be read to include the discovery of the legal basis for a possible claim, Petitioner would still be time barred. Petitioner admits that he was made aware of the legal basis upon which he currently seeks relief in March 2006, when a fellow inmate began assisting Petitioner with an immigration claim. Pet.'s Mem. in Supp. at 5. Thus, Petitioner was aware of both the factual and legal bases for his present claims for relief more than one year prior to his filing this Motion in August 2007.

Nor should the untimeliness of Petitioner's Motion be excused through equitable tolling. AEDPA's one-year time limit to file a motion to vacate has been construed as a statute of limitations, rather than as jurisdictional in nature. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Thus, when a Petitioner can show that "extraordinary circumstances" prevented him from filing his petition in a timely fashion, courts may equitably toll the AEDPA one-year limitations period. Id. The petitioner must show that he "acted with 'reasonable diligence' during the period he wished to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing" within the limitations period. Smaldone v. Senkowski, 273 F.3d 133,

3

138 (2d Cir. 2001) (quoting Smith, 208 F.3d at 17).

Such extraordinary circumstances will be rare, and are not found here. Petitioner's assertions of limited education, limited English proficiency, and ignorance of the law when he pled guilty have been consistently found to not qualify as extraordinary circumstances which would require the court to equitably toll AEDPA's time constraints. See id.; Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002); see also Chan v. United States, 2000 WL 1843290, at *2 (E.D.N.Y. 2000) (petitioner's ignorance of the law and difficulty in navigating the legal system due to reliance on "jail house lawyers" did not constitute extraordinary circumstances sufficient to warrant equitable tolling of the statute); Martinez v. Kuhlman, 2000 WL 622626, at *3 (S.D.N.Y. 2000) (difficulty with English language and insufficient legal assistance do not warrant equitable tolling).

**B.     Merits**

As Petitioner's claims for relief are time barred under AEDPA, the Court must deny his Motion to vacate. However, the Court has reviewed the substance of his arguments and is satisfied that the Petitioner also has no valid claim on the merits, both as to his claim of actual innocence under the governing statute and his claim of ineffective assistance of counsel.

## II.     CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Motion pursuant to 28 U.S.C. § 2255 seeking to Vacate, Set Aside or Correct Sentence (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED**, that the case is **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:  October 20, 2008
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

6